STEWART, APPELLANT, *v.* PROGRESSIVE INSURANCE CO., APPELLEE. ▮

(No. 43731—Decided March 22, 1982.)

*Mr. Rudolph J. Geraci,* for appellant.

*Mr. Terrence J. Kenneally,* for appellee.

MARKUS, J. Appellant-insured seeks to set aside an arbitration decision pursuant to the contractual terms of an uninsured motorists insurance policy. In substance, he argues that the failure by the arbitration panel to deliver its decision in writing more expeditiously causes that decision to be void.[1] We disagree.

The trial court disposed of this case on cross-motions for summary judgment. The pleadings, briefs, and affidavits disclose the following agreed facts. The insured asserted a claim under the uninsured motorists provisions of his automobile insurance policy for an incident on August 11, 1979. That policy provides:

"If we and a covered person disagree whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally. Unless both parties agree otherwise, arbitration will take place in the county and state in which the covered person lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding."

The insured and his insurer were not able to agree as to the insured's right to payment under that policy, so the dispute was submitted to a duly constituted arbitration panel, in accordance with the policy terms. The arbitration hearing was conducted and concluded on September 25, 1980. The arbitrators executed a written decision on that same day with two arbitrators deciding for the insurer and one arbitrator dissenting. The parties were notified informally of that decision within a few days.

The insured filed this case in the court of common pleas on November 18, 1980, seeking an order that the arbitrators be temporarily and permanently enjoined

---

[1] Appellant's two assignments of error are closely related and will be considered together:

"I. It was error on the part of the trial court to grant defendant's motion for summary judgment.

"II. The authority of arbitrators to render an award, if not prescribed to within a specific time, may be terminated after the lapse of a reasonable time."

from making an official award.[2] The complaint asserted that the arbitrators had not provided the insured with formal written notice of their decision in the fifty-four days between the arbitration hearing and the filing of the complaint, so that the arbitration panel allegedly lost jurisdiction to act on the matter. When conflicting affidavits by the arbitration chairman are viewed in the light most favorable to the insured, they indicate that the formal written arbitration decision was mailed to the respective parties on November 21, 1980.

The insured contends that R.C. 2711.08 supports his position that the ultimate arbitration decision was void as untimely.[3] Neither the Revised Code nor the insurance contract specifies the time within which the arbitrators must complete their deliberations. Except for the provision in R.C. 2711.08 for delivery "without delay," neither the Revised Code nor the contract specifies the time within which the arbitration award must be delivered after a decision is reached. Apparently the insured claims that the fifty-seven day delay between the arbitration hearing and the delivery of a written decision caused the arbitration panel to lose jurisdiction, relying upon cases involving statutory or contract terms requiring a decision within thirty days. Those cases are inapplicable here, since neither the statute nor the contract imposes that limitation. Further, the undisputed evidence in this case establishes that a decision was reached and executed in writing on the day of the arbitration hearing.

Prior informal communications about the decision were clearly counterproductive, if not reprehensible. Such informal advice encourages *ex parte* efforts to modify the decision. Disparate notice of the decision unfairly affects possible negotiations between the hearing and the formal announcement of the decision. This very lawsuit is a product of such informal notice of the decision. However, we find that the delay in delivering copies of that written decision did not cause the arbitrators to lose jurisdiction.

Ordinarily, construction of terms in an arbitration contract is a matter of law for the court. *A-T-O, Inc.* v. *Johnson & Sons Constr. Co.* (Nov. 8, 1973), Cuyahoga App. No. 32471, unreported. This court previously held that an attempt to modify a signed arbitration decision before its delivery is void, when the modification came at the instigation of one of the parties. *Lockhart* v. *American Res. Ins. Co.* (1981), 2 Ohio App. 3d 99. The delay in delivery here was not unreasonable, and there was no change in the arbitration decision from the date of its original execution to the date of delivery.

There was no genuine issue of material fact, and the insurer was entitled to judgment as a matter of law.[4] Therefore, the trial court properly granted summary judgment for the defendant insurer.

*Judgment affirmed.*

DAY, P.J., and CARROLL, J., concur.

CARROLL, J., of the Cuyahoga County Court of Common Pleas, was assigned to the Eighth Appellate District pursuant to Section 5(A)(3), Article IV, Constitution.

---

[2] Although the complaint seeks injunctive relief against the three arbitrators, they are not named as parties in this action. Therefore, even if the insured were entitled to the relief claimed, he would not be entitled to that relief against the named defendant.

[3] R.C. 2711.08 provides, in pertinent part:
"The award made in an arbitration proceeding must be in writing and must be signed by a majority of the arbitrators. A true copy of such award without delay shall be delivered to each of the parties in interest. * * *"

[4] The insured's complaint does not assert any of the statutory grounds for vacating an arbitration award provided by R.C. 2711.10. Further, none of the evidentiary material presented by the parties in the trial court would support a finding that any of those grounds exists.