DECISION AND JOURNAL ENTRY
Appellant, Lisa L. Gingrich, has appealed from the order of the Wayne County Court of Common Pleas affirming the arbitrator's award in favor of Appellee, the City of Wooster. We affirm.
On June 3, 1997, Appellant was terminated from Appellee's employ. Appellant then filed a grievance that questioned the determination by Appellee that just cause existed for her discharge. Throughout the arbitration proceedings she argued that she was terminated for exercising her right to free speech and, because this was a violation of her constitutional rights, it did not constitute just cause. On February 23, 1999, following a hearing, Arbitrator Richard issued his opinion finding that Appellant did not engage in protected speech and therefore, just cause existed for termination of Appellant's employ. On March 26, 1999, Appellant filed a complaint with the Wayne County Court of Common Pleas seeking to vacate the arbitrator's award. On October 27, 1999, the trial court found that the arbitrator's award derived its essence from the parties' collective bargaining agreement. Additionally the trial court found that the arbitrator did not exceed his authority. Based upon these findings the trial court granted summary judgment to Appellee and affirmed the arbitrator's award. Appellant timely appealed raising five assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred as a matter of law by granting summary judgment to [Appellee] thereby affirming [the] arbitration award which approved [Appellee's] discharge of [Appellant] from its employment because the issue of whether discharge was in violation of constitutional free speech rights was independent of the collective bargaining agreement and not subject to arbitration, and arbitrator lacked jurisdiction thereof.
 In her first assignment of error, Appellant has argued that although her free speech was infringed upon in employment related areas, the issues should not have been decided through arbitration under the collective bargaining agreement, but rather should have been independently considered by the trial court as a civil rights violation. We disagree.
Both the federal and state legislatures have provided various statutory avenues through which an individual may pursue relief for violations of the right to freedom of speech. Under the federal provisions, Appellant could have pursued a claim under Section 1983, Title 42, U.S. Code. Under state law, Appellant, as a public employee and a party to a collective bargaining agreement, had the opportunity to seek recourse under R.C. Chapter 4117., the Public Employee's Bargaining Act and SERB. Additionally, Appellant had the option of seeking redress through the arbitration procedures set forth in R.C. Chapter 2711.
This Court notes that Appellant chose to file a grievance and seek arbitration pursuant to the terms of the collective bargaining agreement with respect to this matter. Additionally, this Court notes that in her complaint Appellant sought only to vacate the arbitrator's award and did not state any further legal basis for review. Therefore, the trial court did not err by failing to consider legal claims not raised by Appellant.
Even granting a great deal of latitude to the language used by Appellant in her complaint, the most that could be gleaned from the complaint would be an attempt to state a private cause of action for infringement of her right to free speech. However, such a cause of action is unsupportable under law. The Ohio Supreme Court has held that "[p]ublic employees do not have a private cause of civil action against their employer to redress alleged violations by their employer of policies embodied in the Ohio Constitution when it is determined that there are other reasonably satisfactory remedies provided by statutory enactment and administrative process." Provens v. Stark Cty. Bd. ofMental Retardation Developmental Disabilities (1992), 64 Ohio St.3d 252, syllabus (holding that there is not a private cause of action for employees to seek redress for infringement of the right to free speech as guaranteed by the First Amendment and Article I, Section 11 of the Ohio Constitution.).[1] The Court noted in Provens that complaints substantially similar to those propounded by Appellant were covered by the grievance procedures set forth in the collective bargaining agreement. Id. at 260. The Court commented that "[w]hile the remedies provided the plaintiff * * * through the arbitration process under the collective bargaining agreement do vary from the remedies that might be available through a civil proceeding, such difference shall not be controlling where, in the totality, it may be concluded that the public employee has been provided sufficiently fair and comprehensive remedies."Id.
Appellant had the totality of her complaints regarding the free speech issues reviewed by two separate arbitrators over the course of her disciplinary proceedings. She then had the opportunity to have the trial court review the arbitrator's award to insure that the award derived its essence from the collective bargaining agreement. This Court finds that to be a "sufficiently fair and comprehensive" remedy under law. Id.
Therefore, the trial court did not err in refusing to independently consider Appellant's arguments.
Appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR II The trial court erred as a matter of law by granting summary judgment to [Appellee] thereby affirming [the] arbitration award which approved [Appellee's] discharge of [Appellant] from its employment because civil rights law concerning constitutional free speech rights prevail over collective bargaining agreements.
 In her second assignment of error, Appellant has first argued that the trial court was compelled to make an independent review of the record in this matter and not conduct the review as set forth in R.C. 2711.10
due to the fact that this dispute concerns First Amendment issues. As stated above, Appellant chose to pursue this matter through the remedies afforded by arbitration. She did not seek to pursue this matter as a civil rights violation. Therefore, she cannot now claim that the trial court should have reviewed a claim never affirmatively raised.
Additionally, Appellant has argued in this second assignment of error that R.C. 4117.10(A) prohibits civil rights matters from being subject to binding arbitration because it states that "[l]aws pertaining to civil rights, * * * prevail over conflicting provisions of agreements between employee organizations and public employers." R.C. 4117.10(A) mandates that when the provisions of a collective bargaining agreement conflict with civil rights laws, the civil rights laws govern, however, this section does not indicate that when civil rights matters arise in an employment context these matters are not subject to binding arbitration as proposed by Appellant. Instead it only requires that those provisions in conflict with a civil rights law become subservient to the rights guaranteed in the civil rights laws. Appellant has failed to indicate how the provisions of the collective bargaining agreement conflict with the civil rights laws. The collective bargaining agreement merely provides that just cause must exist for employee discipline. This Court finds that such a provision is not in conflict with any federal or state civil rights law. Appellant's seconds assignment of error is without merit.
 ASSIGNMENT OF ERROR III The trial court erred as a matter of law by granting summary judgment to [Appellee] thereby affirming [the] arbitration award which approved [Appellee's] discharge of [Appellant] from its employment because the arbitration award violated public policy.
 In her third assignment of error, Appellant has argued that the trial court erred because it failed to vacate the arbitrator's award on the grounds that it violated public policy. We disagree.
An arbitration award is properly vacated when that award is in violation of a well-defined and dominant public policy of Ohio or the United States. United Paperworkers Int'l Union v. Misco, Inc. (1988),484 U.S. 29, 42, 98 L.Ed.2d 286, 301. In Misco, the United States Supreme Court explained the reasons for the public policy doctrine as follows:
 A court's refusal to enforce an arbitrator's award under a collective-bargaining agreement because it is contrary to public policy is a specific application of the more general doctrine, rooted in the common law, that a court may refuse to enforce contracts that violate law or public policy. That doctrine derives from the basic notion that no court will lend its aid to one who founds a cause of action upon an immoral or illegal act[.]
(citations omitted.) 484 U.S. at 42.
Appellant appears to begin with the premise that the award is a violation of her right to freedom of speech. Based upon this assumption, she has argued that because it is in the public's best interests for courts to decline to enforce civil rights violations, the trial court erred by failing to vacate the award. Assuming that the judiciary should refuse to enforce violations of public policy, this Court does not agree with Appellant's original premise that this action constituted a violation of her right to freedom of speech.
In Goodyear v. Local Union 200 (1975), 42 Ohio St.2d 516, 520, the Supreme Court of Ohio stated:
 Were the arbitrator's decision to be subject to reversal because a reviewing court disagreed with findings of fact * * * arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements.
 In U.S. Steelworkers of America v. Enterprise Wheel Car Corp. (1960), 363 U.S. 593, 596, 4 L.Ed.2d 1424, 1427; the United States Supreme Court noted:
 The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes would be undermined if courts had the final say on the merit of awards.
 Therefore, neither the trial court nor this Court is permitted to re-determine the findings of fact in this matter.
The arbitrator found in this case that Appellant's statements were not protected speech under either the United States Constitution or the Ohio Constitution. Based upon this factual determination, the arbitrator then found that just cause existed for Appellant's discharge. This Court is bound by the factual finding that these statements were not protected speech. In light of this factual determination, there was no public policy mandating that the arbitrator's award be vacated. Therefore, Appellant's third assignment of error is without merit.
 ASSIGNMENT OF ERROR IV The trial court erred as a matter of law by granting summary judgment to [Appellee] thereby affirming [the] arbitration award which approved [Appellee's] discharge of [Appellant] from its employment for the reason that R.C. Chapters 4117 and 2711 cannot limit judicial review of free speech questions under the constitutional principal (sic.) of separation of powers.
 In her fourth assignment of error, Appellant has argued that under the separation of powers doctrine, Chapters 4117 and 2711. cannot preclude the trial court from considering constitutional arguments in the context of arbitration matters. She has further argued that to permit such a foreclosure of judicial review would permit the legislature to usurp the authority granted to the judiciary. This Court disagrees.
As stated previously, an aggrieved party may bring an action for civil rights violations in a number of manners. Of those options, several would permit a court to review the merits of a claim that a civil rights violation had occurred. A party may also raise the constitutional issue in a legal action independent of the arbitration award. See McDonald v.City of West Branch (1984), 466 U.S. 284 (arbitrator's decision does not preclude a Section 1983, Title 42, U.S. Code, action). Therefore, R.C. Chapters 2711 and 4117. do not preclude judicial review of Appellant's complaint of a violation of freedom of speech. These chapters merely set forth the situations in which a court may review an arbitrator's award following an agreement by the parties that they would arbitrate any grievances through a binding arbitration proceeding. Therefore, there is no violation of the separation of powers doctrine.
Appellant's fourth assignment of error is without merit.
 ASSIGNMENT OF ERROR V The trial court erred as a matter of law by granting summary judgment to [Appellee] on [Appellant's] claim that she was discharged from her employment with [Appellee] in violation of her constitutional rights of freedom of speech.
 In her fifth assignment of error, Appellant has argued that just cause did not exist for her discharge because the discharge was due to her exercise of her freedom of speech. Therefore, she has argued that because just cause did not exist, the trial court erred in affirming the arbitrator's award. We disagree.
The arbitrator's award is presumed valid. Findlay City School Dist.Bd. of Edn. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, paragraph one of the syllabus. When parties agree to submit their dispute to binding arbitration, they agree to accept the result, regardless of its legal or factual accuracy. Huffman v. Valletto (1984), 15 Ohio App.3d 61, paragraph two of the syllabus.
A trial court may vacate an arbitration award only in certain prescribed circumstances, as set forth in relevant part in R.C. 2711.10:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
* * *
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 To determine if the arbitrator exceeded his power, the trial court must first determine whether the arbitrator's award draws its essence from the collective bargaining agreement of the parties. Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11, AFSCME, AFL-CIO (1991), 59 Ohio St.3d 177, 179-80; Findlay City School Dist. Bd. of Edn., supra at 132. This is established where "there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." Findlay City School Dist. Bd. of Edn., supra at 132, quoting Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.
(1986), 22 Ohio St.3d 80. So long as the arbitrator is arguably construing the contract, the trial court is obliged to affirm his decision. Summit Cty. Bd. of Mental Retardation Developmental Disabilities v. Am. Fedn. of State, Cty. Mun. Emp. (1988), 39 Ohio App.3d 175, 176. This is so because it is the arbitrator's determination for which the parties bargained. Goodyear, supra; Hillsboro v. Fraternal Order of Police, Ohio Labor Council (1990), 52 Ohio St.3d 174, 177.
Appellate review does not extend to the merits of such an award absent evidence of material mistake or extensive impropriety. Lynch v. Halcomb
(1984), 16 Ohio App.3d 223, paragraph two of the syllabus; Lockhart v.Am. Res. Ins. Co. (1981), 2 Ohio App.3d 99, 101. As no such evidence appears in the record, this court is limited to a review of the order of the trial court. Lockhart, supra at 101.
Appellant contends that the arbitrator's award does not derive its essence from the collective bargaining agreement because the award exceeds the scope of the collective bargaining agreement. Appellant sought arbitration of the issue of whether she was discharged for just cause. Pursuant to Article X, Section 1 of the collective bargaining agreement, "[d]isciplinary action taken by the Employer shall only be for just cause." Therefore this issue is one that is squarely within the scope of the collective bargaining agreement.
Appellant also appears to challenge the arbitrator's findings that her statements did not constitute protected speech. As noted earlier, neither the trial court nor this Court is permitted to make independent factual findings in our review of the arbitrator's decision. SeeGoodyear, supra. To permit such a review of the underlying factual circumstances would defeat the very benefit bargained for by the parties. This Court refuses to take such an action. Appellant's fifth assignment of error is without merit.
Appellant's five assignments of error are overruled and the judgment of the trial court is affirmed.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J. CONCURS
CARR, J. CONCURS IN JUDGMENT ONLY
[1] Appellant has not specifically stated whether her claim of infringement of her right to free speech is premised upon federal or state law. While she claims that her First Amendment rights were violated, she appears to be using this designation as a general term encompassing violations of both the freedom of speech guaranteed by the United States Constitution in the First Amendment and by the Ohio Constitution in Article I, Section 11. However, it is not necessary for this Court to make such a distinction at this time because the United States Supreme Court's holding in Bush v. Lucas (1983), 462 U.S. 367,76 L.Ed.2d 648 provides an identical outcome under federal law.