OPINION
In April of 1997, appellants, Frank and Mary Reynolds, entered into a written contract with appellee, Erwin Wolfe, dba Erwin Wolfe Construction, for the construction of an addition to their residence located in Hide-A-Way Hills in Fairfield County, Ohio. During the course of the work, changes were made to the original specifications. These changes were orally made and were not reduced to writing. When the work was completed and a bill was submitted to appellants, appellants refused to pay claiming various deficiencies in the work performed by appellee. On July 31, 1998, appellee filed a complaint against appellants for money due and owing in the amount of $17,547.24 plus interest. Appellee sought foreclosure of a mechanic's lien. On September 14, 1998, appellants filed an answer and counterclaim alleging various claims including breach of contract, negligence, fraud and slander of title. On September 30, 1998, appellee filed a reply to the counterclaim and requested that the matter be submitted to arbitration pursuant to a provision in the parties' contract. On October 9, 1998, appellee filed a motion for partial summary judgment seeking an order sending appellants' counterclaim to binding arbitration. By memorandum of decision filed December 11, 1998, the trial court granted the motion and sent the matter to arbitration. On June 16, 1999, the parties entered into an agreed scheduling order regarding the procedures for arbitration. This order was later amended on August 11, 1999. On September 20, 1999, the arbitrators issued a decision awarding appellee $10,050.00. On November 2, 1999, appellee filed a motion to confirm the arbitration award. Appellants filed a contra motion and a cross-motion to set aside or modify the arbitration award on November 19, 1999. A hearing was held on April 24, 2000. On June 2, 2000, the trial court issued a memorandum of decision confirming the arbitration award. By judgment entry filed July 5, 2000, the trial court confirmed the arbitration award and granted judgment to appellee in the amount of $10,050.00 as against appellants. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE AND RULING THAT APPELLANTS SUBSEQUENT ORAL CONTRACT WITH APPELLEE WAS SUBJECT TO THE ARBITRATION CLAUSE CONTAINED IN THE PARTIES ORIGINAL CONTRACT AS ISSUES OF FACT WERE IN DISPUTE.
 II THE TRIAL COURT ERRED WHEN BY GRANTING SUMMARY JUDGMENT TO APPELLEE AND RULING THAT APPELLEE HAD NOT WAIVED HIS RIGHT TO ARBITRATION IN THE INSTANT CASE.
 III THE TRIAL COURT ERRED BY DENYING MR. AND MRS. REYNOLDS PROCEDURAL DUE PROCESS WHEN IT DID NOT REVERSE THE DECISION OF THE ARBITRATORS WHEN SAID ARBITRATORS RULED THEY HAD NO JURISDICTION TO CONSIDER CLAIMS RELATING TO THE PARTIES SUBSEQUENT ORAL CONTRACT, AFTER THE TRIAL COURT HAD ALREADY DETERMINED SAID ORAL CONTRACT WAS SUBJECT TO ARBITRATION.
 I, II
These assignments of error challenge the trial court's granting of partial summary judgment to appellee and referring Counts 1 through 4 of appellants' counterclaim to binding arbitration. R.C. 2711.02 mandates the following procedure upon an order granting or denying arbitration: If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
The order of reference to arbitration was made on December 11, 1998. No timely appeal was made from said order. In Patton, et al. v. Capital Builders and Supply, Inc. (February 22, 2000), Stark App. No. 1999CA00195, unreported, at 5, this court reviewed the identical issue and found that the order of reference in that case "has become res judicata and is not herein reviewable." In support, this court cited the case of In re Adoption of Jorgensen (1986), 33 Ohio App.3d 207, 208-209. Assignments of Error I and II are denied.
 III
Appellants claim the trial court erred in confirming the arbitration award. We disagree. R.C. 2711.09 provides the mechanism for the confirmation of an arbitration award as follows: At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.
Pursuant to R.C. 2711.10 and 2711.11, an arbitration award may be vacated, modified or corrected. The arbitration decision, attached to appellee's November 2, 1999 motion to confirm the award as Exhibit A, included the following language as to the process used in resolving the issues: The items in dispute are taken verbatim and in the same order as listed in the CTL Engineering report of 6-24-98, which we both felt was somewhat `flawed', and where applicable there will either be an estimate to make corrections or it will state that NO action is needed meaning NO correction required.
In the record sub judice, there are no exhibits attached to the award entitled "CTL Engineering report of 6-24-98." However, said report is attached to appellants' memorandum contra to the request to confirm the award filed November 19, 1999. The arbitration decision is parallel to the items set forth in the CTL report. Appellants claim they have been denied a forum on their claims relating to improper excavation work. At item 8 of the arbitration decision, the arbitrators found the issue of grading was not within the scope of the written contract: Visually the grade appears NOT to be properly sloped. NO swale exist in the grading. Fre (french?) drains to be installed by contractor. However, this has NOT been verified.
This area had NOTHING to do with original contract. NO action needed.
Also, the issue of a "dead tree" allegedly "killed" by appellee's work crew and mentioned in appellants' brief to the arbitrators as well as observed by the arbitrators during an on-site visit was not addressed in the arbitration decision. Objections 3, 4, 5 and 6 to the arbitration decision involved decisions on the evidence presented and arguments as to why the arbitration award should not be confirmed. However, there was no way for the trial court to test or resolve these factual issues because of the lack of a transcript and the limited review powers given to the trial court. The trial court sub judice was bound by R.C. 2711.11 which states as follows: In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:
(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
(C) The award is imperfect in matter of form not affecting the merits of the controversy.
The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.
In addressing the matter of the excavating work, the trial court found "the Arbitrators failed to address the alleged improper excavation work in the front of the home; however, the Arbitrators explicitly stated that this work was not a part of the contract and not subject to their review." See, Memorandum of Decision filed June 2, 2000. The trial court concluded the arbitrators were correct in determining as a matter of law that the issue of grading was not within the arbitrators' scope. We fail to find that such a decision divested appellants of a legal forum or that the trial court erred. Appellate review of R.C. 2711.09 et seq. matters is a very limited evaluation of an order issued by a court of common pleas. The substantive merits of the original award are not reversible on appeal absent evidence of mutual mistake or extreme impropriety. Lynch v. Halcomb (1989), 16 Ohio App.3d 223. Appellate review "is confined to the order. The original arbitration proceedings are not reviewable." Lockhart v. American Reserve Insurance Co. (1981), 2 Ohio App.3d 99, 101. Upon review, we find the trial court did not err in affirming the arbitration award. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J. Edwards, P.J. and Wise, J. concur.