OPINION
On June 28, 1996, appellant, Keith Ungar, D.C., and appellee, Roy Ormsbee, D.C., entered into an asset purchase agreement whereby appellant would sell certain assets of his chiropractic clinics to appellee in exchange for $175,000.00. Under the agreement, appellant retained the existing accounts receivables and access to patient records in order to collect on these accounts.
Appellant employed Jackie Miller to collect on the accounts utilizing the computer records at the clinic now owned by appellee. On July 1, 1997, appellee informed Ms. Miller that she could no longer work at the clinic and have access to the patient records.
On August 18, 1999, appellant, together with AAAA, Inc., dba Ungar Chiropractic and Sports Injuries Clinic and Spinal Rehab, Inc., filed a complaint against appellee claiming breach of contract, fraudulent inducement, negligent misrepresentation, promissory estoppel, conversion and tortious interference with contract. On same date, appellants filed an application for the appointment of an arbitrator. By pretrial order filed November 3, 1999, the case was stayed pending arbitration.
The parties filed motions for summary judgment, having authorized the arbitrator to adjudicate the motions via stipulation filed July 26, 2000. By award dated May 9, 2001, the arbitrator found appellant had access to the patient records for one year in accordance with the parties' agreement. The arbitrator denied appellants' motion and granted appellee's motion.
On May 14, 2001, appellee filed an application for judicial confirmation. On June 12, 2001, appellants filed a brief in opposition and also a motion for an order modifying, correcting and/or vacating the arbitration award. By judgment entry filed June 14, 2001, the trial court granted appellee's application to confirm. The trial court did not address appellants' motion.
Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN GRANTING THE APPLICATION TO CONFIRM WITHOUT HOLDING A HEARING ON THE APPLICATION TO CONFIRM.
 II. THE TRIAL COURT ERRED IN GRANTING THE APPLICATION TO CONFIRM BECAUSE UNGAR MADE A TIMELY MOTION TO MODIFY OR VACATE AND CAUSE TO MODIFY OR VACATE WAS SHOWN BY UNGAR.
 III. THE TRIAL COURT ERRED IN GRANTING THE APPLICATION TO CONFIRM BECAUSE OF THE EVIDENCE OF MATERIAL MISTAKES AND EXTENSIVE IMPROPRIETY BY THE ARBITRATOR.
 I
Appellants claim the trial court erred in not affording them a hearing on their motion for an order modifying, correcting and/or vacating the arbitration award. We agree.
Appellee filed an application to confirm pursuant to R.C. 2711.09. Said statute states as follows:
 At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof. (Emphasis added.)
In response, appellants filed a motion to modify, correct and/or vacate pursuant to R.C. 2711.10. This procedure is noted by Justice Douglas inWarren Edn. Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170, wherein the Supreme Court of Ohio held at syllabus "[w]hen a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown."
Appellants argue the trial court erred in not affording them a hearing to explain and/or demonstrate why the award should be modified or vacated and not confirmed. In examining R.C. 2711.09, we find within the emphasized language cited supra is the indication that a hearing is required. A review of the docket indicates no hearing was set on the R.C. 2711.09 application. Briefs containing agreements were filed, but no evidence was presented. The trial court ruled two days after appellants' opposition brief and motion to modify/correct/vacate was filed.
Compounding this procedure is the application of Loc.R. 10.03 of the Court of Common Pleas of Stark County, All Divisions. Within this rule is the inference that motions will not be ruled upon for fourteen days. If the motion to modify/correct/vacate is in fact a motion, the trial court should have waited fourteen days to rule, and appellants should have requested a hearing pursuant to Loc.R. 10.01.
Because the statute specifically implies that a hearing will be set and is comparable to the language of Civ.R. 56(C), we find the trial court erred in not setting the matter for hearing.
Assignment of Error I is granted.
 II, III
Prior to discussing appellants' remaining assignments of error, we must first look at the July 26, 2000 stipulation entered into with the arbitrator. Said stipulation states the following:
 The parties, this 21st day of July, 2000, hereby authorize the Arbitrator to adjudicate motions for summary judgment. In that regard, the Arbitrator is hereby vested, by agreement of the parties, with the same powers vested in a Court of Common Pleas under Civ.R. 56; i.e., the Arbitrator may grant or deny, in whole or in part, either party's motion and is hereby authorized to issue an arbitration award accordingly, which award shall be binding upon the parties.
* * *
 The parties hereby further agree that said motions shall be adjudicated by the Arbitrator at his earliest possible convenience and without oral hearing.
From the plain and unambiguous reading of the stipulation, we find the parties agreed to binding arbitration. In Huffman v. Valletto (1984),15 Ohio App.3d 61, 63, our brethren from the Eighth District succinctly stated the following:
 When disputing parties agree to submit their controversy to binding arbitration, they agree to accept the result, even if it is legally or factually wrong. Goodyear v. Local Union No. 200 (1975), 42 Ohio St.2d 516, 520, 330 N.E.2d 703; Lockhart v. American Res. Ins. Co. (1981), 2 Ohio App.3d 99, 102-103, 440 N.E.2d 1210. If the parties could challenge an arbitration decision on the ground that the arbitrators erroneously decided legal or factual issues, no arbitration would be binding. Binding arbitration precludes judicial review unless the arbitrators were corrupt or committed gross procedural improprieties. R.C. 2711.10.
Appellants argue the arbitrator sub judice "exceeded his powers by not applying Civil Rule 56 to the parties' motions for summary judgment" in violation of R.C. 2711.10(D). Appellants' Brief at 10. Appellants point out the award "does not even address the Civil Rule 56 standard ofproof, let alone apply this standard to the parties' motions for summaryjudgment. In fact, it is impossible to discern what burden of proof wasapplied by the Arbitrator in rendering his Award." Id. The stipulation cited supra clearly states the arbitrator is "vested, by agreement of the parties, with the same powers vested in a Court of Common Pleas under Civ.R. 56." In its award, the arbitrator referenced this stipulation. Upon review, we find no evidence the arbitrator was "corrupt or committed gross procedural improprieties" under R.C. 2711.10.
Assignments of Error II and III are denied.
Based upon the foregoing, the trial court is hereby instructed to conduct a hearing on appellee's application for judicial confirmation of the arbitration award and so confirm the award.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded to said court to conduct a hearing on appellee's application for judicial confirmation of the arbitration award and so confirm the award.
Costs to appellants.
Hon. Sheila G. Farmer, P.J. Hon. Julie A. Edwards, J. Hon. John F. Boggins, J. concur.