McKinney et al., Appellees, v. Allstate Ins. Co., Appellant.

(No. 5727—Decided May 18, 1966.)

*Mr. Don R. Miller,* for appellees.
*Mr. S. Samuel Nukes,* for appellant.

Doyle, P. J.  On October 7, 1958, a collision between an automobile owned and operated by Robert McKinney and an automobile operated by William Bickel resulted in the personal injury of Robert McKinney and two of his passengers, to wit, Ruth Baker and Marie McKinney.  McKinney was insured by the Allstate Insurance Company, whose policy included coverage for personal injuries to the insured upon the establishment of tort liability of an uninsured motorist.  In con-

nection therewith, the company's contract provided for arbitration between insured and insurer in the following terms:

"The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.

"In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the arbitrator(s) pursuant to this Section II."

Upon the failure or refusal of Allstate to recognize the claim made against it by the injured persons, they filed a demand for arbitration in accordance with the rules of the American Arbitration Association, and notified Allstate. Subsequently, Allstate and the claimants agreed upon an arbitrator, and a hearing was held in which evidence was offered and received.

At the conclusion of the hearing, the arbitrator made the following written finding and award:

"I, the undersigned arbitrator, having been designated in accordance with the arbitration provisions of Policy No. 26554 957-2-12, sworn and having heard the proofs and allegations of the parties, find, as follows:

"1. Mr. William Bickel, then age 23, residing in Shreve, Ohio, driver's license B-240-887-878, was the operator of an uninsured automobile (truck) when the accident occurred on October 7, 1958, at 6:30 p. m. on State Route 76, one (1) mile north of Millersburg, in the vicinity of French Hill, Holmes County, Ohio.

"2. That the claimants qualify as the 'named insured' within the meaning of Section II of an Allstate Insurance Company insurance policy 26554 957-2-12, having the effective dates 2/12/58 to 2/12/59, and are therefore entitled to the awards as set forth below.

"3. That there was no negligence on the part of any of the

claimants just prior to or at the time of the accident involving the automobile (truck) driven by Mr. William Bickel.

"4. That the claimants did each sustain bodily injury as a result of the accident involving the automobile (truck) driven by Mr. William Bickel, and are each entitled to damages in the amount equal to the individual awards as set forth below.

"And Do Award As Follows:

"1. Allstate Insurance Company, hereinafter referred to as respondent, is to pay Robert B. McKinney the amount of three thousand dollars ($3,000.00).

"2. Respondent is to pay Marie McKinney the amount of one thousand dollars ($1,000.00).

"3. Respondent is to pay Ruth Baker the amount of two thousand dollars ($2,000.00).

"Hearing held and award made in Akron, Summit County, Ohio.

"The administrative fees and expenses of the American Arbitration Association shall be borne by respondent and paid as directed by the Association.

"This award is in full settlement of all claims submitted to this arbitration.

"Dated 4/5/65 /s/ Mack D. Cook II
               Arbitrator"

The awards made by the arbitrator were not paid by Allstate, but instead thereof it filed a petition in the Court of Common Pleas of Summit County, in which it pleaded that "the said arbitrator exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made," and, as a consequence, the award should be "set aside and held for naught."

By virtue of Section 2711.10, Revised Code, a court is authorized to vacate an award when "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

That section of the Code refers to proceedings for arbitration falling within Chapter 2711 of the Revised Code. Whether the statutory procedures are the same as those of the American Arbitration Association, to which reference is made in the contract of insurance, we have no way of knowing because the

rules of the American Arbitration Association appear nowhere in the record. However, in view of the answer and cross-petition filed by the claimants to the petition filed by Allstate, we assume that the litigants each are content to follow the statutory procedures as provided in Section 2711.10, Revised Code, *supra*.

The Court of Common Pleas, pursuant to hearing on the petition of Allstate, and the answer and cross-petition of the claimants, entered its judgment dismissing the petition of Allstate Insurance Company and awarded judgment on the cross-petition in favor of the claimants in the amounts previously determined by the arbitrator.

From this judgment of the Court of Common Pleas, Allstate Insurance Company has appealed to this court, and presents the following assignment of errors:

"I. The Court of Common Pleas * * * erred in refusing to vacate a finding and award which was not full, final and complete on all material points submitted to the arbitrator.

"II. That the award made by the arbitrator was grossly contrary to the laws of the state of Ohio.

"III. That the arbitrator exceeded his authority in making a determination of the insured or uninsured status of the driver of the Ford truck, William Bickel."

The appellant Insurance Company argues that the award must be vacated because it "in no way finds that the driver, William Bickel, was negligent. The arbitrator goes to great length to excuse the conduct of Robert B. McKinney, as well as the passengers of his automobile, in holding them not to be guilty of any negligence. It is respectfully submitted that the question of the negligence of the driver, William Bickel, is a necessary essential element in this case. The arbitrator's silence on this point is fatal. He is silent on a vital issue duly submitted to him. The fact that the arbitrator has remained silent on this point cannot and should not inure as a benefit to the claimants since a specific requirement of arbitration is a determination of this issue. The arbitrator's silence on this point may be interpreted in many ways. First, it may be interpreted that he did not consider and pass on this issue at all; second, having considered the issue, he found the driver, Robert B. McKinney, not negligent and made no further inquiry re-

garding the conduct of the driver Bickel under the belief that his determination of the non-negligence of claimants was the sole basis of recovery under the arbitration agreement submitted to him."

Pertinent to the inquiry, we observe that the litigants failed to have a record made of the proceedings of the arbitrator, and the hearing, presumably, was held in conformity to the rules of the American Arbitration Association as provided in the contract of insurance, *supra*.

Nowhere in the record do we find these rules, and there is no provision in the law that judicial notice be taken of them; proof of some kind is required for their consideration.

As a consequence of the lack of appropriate evidence, we must and do adopt the general rule that without a provision to the contrary in a statute, or in an agreement of the parties, the validity of an arbitration award is unaffected by the absence therefrom of a statement of the arbitrator's findings of fact and conclusions of law. This general principle will be found reflected in most of the better reasoned decisions. 4 Ohio Jurisprudence 2d 692 (Arbitration and Award), Section 55 *et seq*; 82 A. L. R. 2d 969 (Annotation—Necessity that arbitrators, in making award, make specific or detailed findings of fact or conclusions of law).

An agreement to arbitrate will not be extended by construction or implication. We therefore hold that a specific finding by the arbitrator on the questions of negligence, contributory negligence or proximate cause, was unnecessary, and that a specific award in money is sufficiently complete unless the parties, by their agreement, require a particular finding on questions of fact and conclusions of law, which does not appear to have been done in the instant case.

The claim relative to the third assignment of error, that the arbitrator exceeded his authority in determining the uninsured status of the alleged tortfeasor, Bickel, will be simply resolved by saying that this issue is, indeed, a legitimate subject for arbitration in the absence of a provision in the arbitration agreement to the contrary. We hold the argument of the appellant, Allstate, untenable when it states, in effect, that it is beyond the power of arbitrators to determine the insured or uninsured status of the alleged tortfeasor; and that this pre-

sents a jurisdictional question to be determined prior to submission to arbitration. The case of *In re Arbitration Between Rosenbaum and American Surety Co.,* 11 N. Y. 2d 310, 183 N. E. 2d 667, cited by appellant in support of its theory, is not in point. We agree with the holding of the New York court that where a covenant to arbitrate is made *subject to conditions precedent,* the existence of such conditions, when disputed, is an issue for a court. This ruling is far removed from an agreement to arbitrate all issues in dispute, as was done in the instant case, coupled with an agreement "to be bound by any award made by the arbitrator(s) pursuant" to the arbitration agreement.

We find the claimed errors are without merit and, as a consequence of no error apparent in the record prejudicial to the rights of the appellant, the judgment must be affirmd.

*Judgment affirmed.*

BRENNEMAN and HUNSICKER, JJ., concur.