HERBERT v. YOUNG ET AL.

(No. 79-CV-0146 — Decided June 1, 1984.)

Court of Common Pleas of Clermont County.

*Robert A. Linder,* for plaintiff.

*Kohnen & Kohnen,* for defendants Sisters of Mercy and Sister Mary George.

*Frederick Brockmeier,* for Juan Young, M.D.

WATSON, J. On January 26, 1979, plaintiff filed a complaint against Dr. Juan Young, M.D., the Sisters of Mercy of Clermont County and Sister Mary George, Administrator of Clermont County Hospital, stating a cause in malpractice.

The matter was heard before a panel of three arbitrators pursuant to R.C. 2711.21, the arbitration report and award being filed October 4, 1982. The panel, consisting of Lloyd Dooley, chairman, and Dr. Frank Woodside and Richard Lawrence, members, found in favor of the Sisters of Mercy, all panel members concurring, and in favor of plaintiff as against defendant Young, in the amount of $100,367, with panel member Dr. Frank Woodside III dissenting.

On November 5, 1982, defendant Young filed notice of non-acceptability and rejection of the arbitrators' decision.

Thereafter, on May 21, 1984, defendants, Sister Mary George and the Sisters of Mercy, filed their motion and memorandum in support of introduction of arbitration award into evidence at trial. On May 7, 1984, defendant Young had filed a memorandum in opposition to use of arbitration award as evidence at trial. The matter came on for hearing before this court on May 21, 1984.

Defendants Sisters of Mercy submit that this court should find pursuant to R.C. 2711.21(C) that the findings of fact by the arbitration board were not clearly erroneous; that the decision was in accordance with applicable law; that the procedures required for conducting the hearing and rendering the decision were followed fairly and properly without prejudice to any party; and accordingly that the arbitration panel's decision including the dissenting opinion should be admitted into evidence at trial.

Defendant Young submits that the decision of the arbitration panel should not be admitted into evidence at trial because the panel never made any findings of fact upon which the court might base a conclusion that the findings of fact by the panel were not clearly er-

roneous and because the court, for the same reason, would lack a basis for concluding that the decision was in accordance with applicable law. Defendant Young further argues that the decision should not be admitted into evidence because of procedural difficulties in determining, under R.C. 2711.21(D), as to which party may cross-examine which arbitrator, which difficulties, defendant asserts, can only result in a denial of due process to one or more of the parties.

The matter has been submitted to the court on memoranda of the parties, oral argument, and full transcript of proceedings before the arbitration panel. The court, having thoroughly reviewed the transcript and being fully advised in the premises finds that the arbitration panel's decision shall be admitted into evidence.

That no formalized "findings of fact" were prepared by the arbitrators does not require that this court can only conclude that the "findings of fact" were clearly erroneous, for without a provision to the contrary in an applicable statute or in an agreement to arbitrate, the validity of an arbitration award is unaffected by the absence of a statement of findings of fact and conclusions of law. *McKinney* v. *Allstate Ins. Co.* (1966), 6 Ohio App.2d 136 [35 O.O.2d 270]. The court would note that nowhere does R.C. 2711.21 require formal findings of fact to be prepared. Thus, this court is free to conclude, and does conclude, that the findings of the arbitration panel were not clearly · erroneous and that the decision was made in accordance with applicable law. The court further concludes that procedures at the arbitration hearing were fairly and properly followed without prejudice to any party.

The situation presented by the existence of a dissenting opinion as to the liability of a non-offering party is perhaps a novel one, as the court's research has disclosed no Ohio case which outlined the parameters of permissible cross-examination in such a circumstance. Under R.C. 2711.21(D):

"Any party who has not made the offer * * * may subpoena any member or members of the arbitration board for purposes of cross-examination."

Defendant Young has posed the following questions:

"For example, can plaintiff, as a non-offering party, call Mr. Dooley and Mr. Lawrence, who both found for plaintiff as to Dr. Young but against plaintiff as to the hospital, and cross-examine them as to both defendants, or would she be required to limit her cross-examination of them to their award against her, in favor of the hospital? If plaintiff cross-examines Dr. Woodside, the dissenting member of the panel relating to the award against Dr. Young, can Dr. Young also cross-examine Dr. Woodside, or is Dr. Young considered a 'prevailing party' as to Dr. Woodside's decision?"

The court finds that the concept of "prevailing party" as set forth in *Nickey* v. *Brown* (1982), 7 Ohio App.3d 32, 37, is properly applied in the instant matter to limit the scope of examination only as to that to be conducted by defendants Sisters of Mercy. In *Nickey,* the decision of the panel was unanimous so that the offering party was the prevailing party as to all arbitrators. Thus, following the *Nickey* analysis, it appearing clearly to the court that the issues pertaining to the liability of the Sisters of Mercy for plaintiff's injuries that will be presented to the jury are the same issues that were presented to the arbitrators and that the claims for damages are the same, and further that no challenge exists as to the time and circumstances under which the arbitrators' award was made, the defendants Sisters of Mercy will not be permitted to call the arbitrators in their case-in-defense, but may properly enter into evidence the award of the arbitrators as to the Sisters of Mercy.

Plaintiff, however, as a non-offering party, will be permitted to cross-examine pursuant to subpoena any panel member as to the decision regarding the Sisters of Mercy in rebuttal to defendant's case-in-defense. The analysis of the *Nickey* decision as to prevailing parties is not apposite to the situation where the decision of the arbitrators was not unanimous, and where the prevailing party as to the overall result in arbitration is a non-offering party.

The court finds that the pertinent code provision, R.C. 2711.21(D), which pertains to non-offering parties, is clear and unambiguous in its terms. R.C. 2711.21(D) allows *any* or all non-offering parties, regardless of whether it is a "prevailing" or "non-prevailing" party, to subpoena *any* or all members of the panel of arbitrators for purposes of cross-examination. See *Motor Cargo, Inc.* v. *Board of Township Trustees* (C.P. 1953), 67 Ohio Law Abs. 315 [52 O.O. 257] ("any" means "all" or "every"). The court cannot conclude other than that the statute clearly contemplates that in a situation such as in the instant matter, where there are two non-offering parties involved in the litigation, one prevailing as to the overall result and one non-prevailing, both non-offering parties may subpoena and cross-examine any of the panel members, whether or not the member found in favor of the prevailing party.

Thus, upon subpoena, plaintiff and defendant Young may cross-examine any panel member as to the decision regarding defendant Young's being found liable or as to the dissent from such conclusion. The court finds that the statute clearly and unequivocally provides for such comprehensive cross-examination by any non-offering party involved in the litigation, without regard to the "prevailing" or "non-prevailing" character of the party.

The court would note that it contemplates that, at trial, one of the two sequences following should occur: First, plaintiff presents her case in chief followed by the defendants Sisters of Mercy's defense with the introduction of the arbitration award. Next, defendant Young presents his case in defense including any cross-examination of arbitrators he may wish to conduct, followed by plaintiff's rebuttal with any cross-examination of arbitrators she may wish to conduct.

Second, plaintiff presents her case in chief, followed by defendant Young's defense with reservation for the further calling of witnesses in defense. Then, defendant Sisters of Mercy would present their defense with the introduction of arbitration results, followed by further defense of defendant Young with the cross-examination of any arbitrators he may wish to conduct. Next, plaintiff would proceed with her rebuttal, including the cross-examination of any arbitrators she may wish to conduct.

The court notes that it believes the former sequence rather than the latter would provide for the most orderly presentation of issues to the jury, so as not to confuse them unnecessarily.

The motion to permit introduction of the arbitration award at trial is well-taken.

*Motion granted.*