**CITY OF CLEVELAND, Appellant,**

v.

**FRATERNAL ORDER OF POLICE, LODGE NO. 8, et al., Appellees.**

[Cite as *Cleveland v. Fraternal Order of Police, Lodge No. 8* (1991), 76 Ohio App.3d 755.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61305.

Decided Dec. 16, 1991.

*Craig S. Miller,* Director of Law, and *Drew A. Carson,* Assistant Director of Law, for appellant.

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A., Gerald S. Gold* and *Susan L. Gragel,* for appellees.

---

Ann McManamon, Judge.

This appeal stems from an arbitrator's modification of disciplinary action taken by the city of Cleveland ("the city") against a police officer. In one assigned error, the city argues that the common pleas court erroneously failed to vacate the arbitrator's action because: (1) the arbitrator exceeded his authority; and (2) the award did not draw its essence from the collective bargaining agreement. Upon review, we are compelled to affirm the judgment of the trial court.

In 1989, Cleveland Police Captain Mark Lynch was charged with the kidnapping and rape of a woman he met in a bar during hours he was purportedly on duty in the city jail. Although a jury acquitted him of these charges, Lynch faced departmental citations for police and civil service rule violations.

Lynch conceded that, on the night in question, when he was ostensibly on duty, he socialized with friends, visited several bars, consumed alcoholic beverages and engaged in consensual sexual intercourse at a friend's apartment. Lynch countered, however, that he believed he was not on duty during these activities.

After a hearing, the safety director found the charged violations to be well founded and ordered Lynch's discharge.

Lynch, who was a member of the Fraternal Order of Police, Lodge No. 8 ("the union"), filed a grievance in accordance with the union's collective bargaining agreement. The arbitration proceeding followed.

The sole issue before the arbitrator was whether the discharge was based upon just cause. The trial court noted the parties' stipulation that civil service rules would not govern, and the arbitrator was thus limited to the authority granted to him by the parties. *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703, certiorari denied (1975), 423 U.S. 986, 96 S.Ct. 393, 46 L.Ed.2d 303.

The governing document in this case provides:

"In the event a grievance goes to arbitration, the arbitrator shall have jurisdiction only over disputes arising out of grievances as to the interpretation and/or application and/or compliance with the provisions of this Contract, including all disciplinary actions and in reaching his decision, the arbitrator shall have no authority (1) to add or subtract from or modify in any way of the provisions of this Contract; (2) to pass upon issues governed by law; or (3) to make an award in conflict with law. * * *

" * * * [A]ll decisions of arbitrators shall be final, conclusive, and binding on the City, the F.O.P. and the member. * * * "

The police department disciplinary rules provide that violations of police regulations, on or off duty, provide just cause for disciplinary actions including reprimand, suspension, loss of pay, demotion or discharge. Based upon his interpretations of the governing regulations, the arbitrator determined the safety director had just cause to suspend, but not to discharge, Lynch. He determined discharge to be too harsh a remedy in this case because: (1) the safety director improperly considered Lynch in violation of inapplicable civil service commission rules; (2) the safety director failed to consider sufficiently Lynch's life-long record of competent service; and (3) evidence that the county prosecutor exerted undue pressure on the safety director. Accordingly, the arbitrator vacated the discharge and ordered a sixty-day suspension without pay. The trial court confirmed the award.

The arbitrator's award is presumed valid. *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186. When parties agree to submit their dispute to binding arbitration, they agree to accept the result, regardless of its legal or factual accuracy. *Goodyear, supra; Huffman v. Valletto* (1984), 15 Ohio App.3d 61, 15 OBR 90, 472 N.E.2d 740. Appellate review does not extend to the merits of such an award absent evidence of material mistake or extensive impropriety. *Goodyear, supra; Lynch v. Halcomb* (1984), 16 Ohio App.3d 223, 16 OBR 238, 475 N.E.2d 181; *Lockhart v. Am. Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 2 OBR 112, 440 N.E.2d 1210. As no such evidence appears in the record, this court is limited to a review of the order of the trial court. *Goodyear, supra; Lockhart, supra.*

A trial court may vacate an arbitration award only in certain prescribed circumstances, as set forth in relevant part in R.C. 2711.10:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

" * * *

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

To determine if the arbitrator exceeded his power, the trial court must first determine whether the arbitrator's award draws its essence from the collective bargaining agreement of the parties. *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11, AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 572 N.E.2d 71; *Findlay City School Dist. Bd. of Edn., supra.* This is established where " ' * * * there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful.' " *Findlay City School Dist. Bd. of Edn., supra,* quoting *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872. So long as the arbitrator is arguably construing the contract, the trial court is obliged to affirm his decision. *Summit Cty. Bd. of Mental Retardation & Developmental Disabilities v. Am. Fedn. of State, Cty. & Mun. Emp.* (1988), 39 Ohio App.3d 175, 530 N.E.2d 962. This is so because it is the arbitrator's determination for which the parties bargained. *Goodyear, supra; Hillsboro v. Fraternal Order of Police, Ohio Labor Council* (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186.

■ Where, however, an arbitrator's award conflicts with the terms of the collective bargaining agreement and/or is not rationally supported, the award does not draw its essence from the collective bargaining agreement. *Ohio Office of Collective Bargaining, supra.* Such circumstances indicate the arbitrator exceeded his authority and mandate vacation of the award. *Id.*

■ In *Ohio Office of Collective Bargaining, supra,* the Supreme Court ruled that an arbitrator exceeds his authority by altering a termination order where the collective bargaining agreement expressly denies him modification authority. In our case, however, there is no such express prohibition. In fact, the language of the agreement suggests a variety of disciplinary actions, in addition to discharge, which are appropriate to punish violations of police regulations. Thus, the arbitrator's determination that just cause existed for Lynch's suspension, but not for termination, draws its essence from the language of the governing agreement and was not "unlawful, arbitrary or capricious." *Hillsboro, supra.* Once these matters are determined, " ' * * * a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end. * * * ' " *Hillsboro, supra,* quoting *Findlay City School Dist. Bd. of Edn., supra.*

The city's sole assigned error is not well taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Francis E. Sweeney, J., concurs.

Krupansky, C.J., dissents.

Krupansky, Chief Justice, dissenting.

I respectfully dissent from the majority's affirmance. I would reverse the judgment of the trial court and reinstate the Cleveland Public Safety Director's discharge of Captain Lynch pursuant to R.C. 2711.10(D) and App.R. 12(B).

The majority neglects its statutory obligation to review the arbitration award reinstating Captain Lynch *sub judice* under the guise of declining to consider the "merits" of the award. However, Ohio law authorizes confirming an award only when it draws its essence from the parties' collective bargaining agreement and the arbitrator did not exceed the scope of his powers under the agreement or act in an arbitrary, capricious or unlawful manner. R.C. 2711.10(D).

The majority erroneously concludes the arbitrator possessed authority to modify the discipline imposed by the Public Safety Director, despite finding Captain Lynch committed the misconduct charged while "on duty" as Officer

in Charge, by ignoring several important provisions in the collective bargaining agreement (the "agreement").

Article XXXI of the agreement expressly subordinates the provisions of the agreement to the terms of the city charter. *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO* (1991), 61 Ohio St.3d 658, 666, 576 N.E.2d 745, 753. Section 119 of the charter grants *exclusive* authority to the Chief of Police and Public Safety Director to dismiss police officers, and provides a judgment of dismissal by the director is *final* except in the case of appeals to the Cleveland Civil Service Commission as mandated by Ohio law.[1]

The arbitration clause purportedly relied upon by the majority to grant the arbitrator authority to modify discipline, specifically denies an arbitrator such authority by expressly prohibiting the modification of any provision of the agreement or making awards in conflict with law. The union's attempt to circumvent these specific charter restrictions contrary to Section 9, Article XVIII of the Ohio Constitution is particularly misplaced since the union recognized, argued in favor of, and benefitted from, the binding effect of other charter provisions in prior litigation with the city. *Gallagher v. Cleveland* (1983), 10 Ohio App.3d 77, 10 OBR 98, 460 N.E.2d 733.

The Ohio Supreme Court recently vacated an arbitration award modifying the discipline which had been imposed by an employer when the employer reserved sole discretion over the extent of discipline for the offense found by the arbitrator to have occurred as in the case *sub judice. Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11, AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 572 N.E.2d 71. However, the majority misreads *Ohio Office of Collective Bargaining* to require the city comprehensively predetermine the applicable discipline for every conceivable infraction of workplace rules in addition to reserving discretion for the Public Safety Director over the extent of discipline to deprive an arbitrator authority to modify the discipline imposed.

*Ohio Office of Collective Bargaining* establishes no such requirement. In fact, the Ohio Supreme Court specifically relied on *S.D. Warren Co. v. United Paperworkers' Internatl. Union, AFL–CIO, Local 1069* (C.A. 1, 1988), 846

---

**1.** Even in this context public civil service commissions do not possess the unlimited discretion to substitute their judgment for that of the director. Ohio law recognizes the director's traditional authority over such matters by granting the director a trial *de novo* in the common pleas court when a commission decision reduces the disciplinary termination of a police officer. *Chupka v. Sanders* (1986), 28 Ohio St.3d 325, 28 OBR 393, 504 N.E.2d 9; *Beyer v. Donaldson* (1978), 57 Ohio App.2d 24, 11 O.O.3d 16, 384 N.E.2d 712. The majority, however, imbues a private arbitrator with powers beyond even those granted by the charter to the public civil service commission.

F.2d 827, certiorari denied (1988), 488 U.S. 992, 109 S.Ct. 555, 102 L.Ed.2d 582, where the court construed an almost identical management rights clause in the collective bargaining agreement to sufficiently reserve *sole* discretion over the extent of discipline to the employer despite the fact the plant rule found to have been violated by the employee arguably did not predetermine the applicable discipline upon violation. *Id.*[2] Accordingly, even without municipal charter provisions granting exclusive and final authority to the employer as in the case *sub judice,* the collective bargaining agreement in *Warren* was held to deprive the arbitrator authority to select a remedy after determining that a violation of the rule had occurred. *Id.*

In prior litigation, the Ohio Supreme Court has broadly construed the reservation of discretion to the Public Safety Director under the charter provisions and collective bargaining agreement in effect at the time between the parties. *Jurcisin v. Cuyahoga Cty. Bd. of Elections* (1988), 35 Ohio St.3d 137, at 143–145, 519 N.E.2d 347, at 352–354. The court rejected the union's similar contentions that a newly created police review board to initiate charges of police misconduct was preempted by the parties' grievance process. The majority's decision relegates *Jurcisin* to the status of a phyrric victory by granting unreviewable veto power to an arbitrator over the imposition of discipline by the Public Safety Director.

Requiring an employer to specifically reserve discretion over the extent of discipline under these circumstances *and* to codify the precise discipline for violating applicable workplace rules in advance is redundant, requires an unattainable degree of foresight and forecloses the exercise of informed judgment in particular cases. Such a requirement is particularly unwarranted when the applicable rules govern conduct both on and off duty as in the case *sub judice.*

The majority likewise fails to consider whether R.C. 2711.10(D) mandates vacating or modifying the award because the arbitrator exceeded his powers by acting arbitrarily, capriciously and in an unlawful manner when substituting his judgment for that of the Public Safety Director. *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR. Edn. Assn.* (1986), 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872, states the requirements necessary to confirm an arbitration award in this context as follows:

"An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the

---

**2.** See, also, *Dobbs, Inc. v. Internatl. Bhd. of Teamsters* (C.A. 6, 1987), 813 F.2d 85, where the court found an employer possessed sole discretion to discharge an employee when the applicable workplace rule stated that anyone violating the rule was "subject to discharge" and vacated a reinstatement award to the contrary.

award, and where the award is not arbitrary, capricious or unlawful." *Id.* at paragraph one of the syllabus.

The arbitrator in the case *sub judice* specifically found "the decision of the Safety Director to invoke appropriate discipline was warranted," since the evidence abundantly established five separate instances of misconduct, apart from the kidnapping and rape charges, in violation of numerous departmental rules. Arbitration Award at 29–30. Moreover, the arbitrator categorically rejected the union's claims of discrimination and disparate treatment by the director in imposing the discharge.[3]

Rather than concluding the matter, since the Public Safety Director properly exercised his discretion over the extent of discipline granted by law, the arbitrator, however, nakedly usurped this power since the arbitrator categorically objected to discharge as "industrial capital punishment." Arbitration Award at 30. The arbitrator improperly substituted his own "notions of industrial justice" to reinstate Captain Lynch despite acknowledging the misconduct "clearly warranted a substantial form of discipline." Arbitration Award at 35.

The purported reasons offered by the arbitrator for reinstating Captain Lynch and cited by the majority do not address why any single one of the five instances of misconduct found to have occurred but not included in the indictment did not deserve the original discipline imposed and are based on matters completely unrelated to the substance of any of the misconduct charged or the evidence supporting these five charges. Such "reasons" promulgated by the arbitrator would prevent the discharge of any high ranking law enforcement officer under any and all circumstances and are also contrary to well-settled law authorizing suspension while such charges are pending. See *Beyer v. Donaldson* (1978), 57 Ohio App.2d 24, 11 O.O.3d 16, 384 N.E.2d 712.

Although an arbitrator has great latitude in assessing evidence, finding facts and interpreting an agreement concerning matters properly submitted to the arbitrator under an agreement, once having found substantial evidence supporting the misconduct charged in violation of explicit rules without discriminatory enforcement, there must be some rational basis for arriving at the final determination. Categorically rejecting disciplinary action of a law

---

**3.** The arbitrator concluded the union's claims were "not supported by the evidence," stating in part as follows:

*"There is no substantial proof in the record to indicate that the grievant was discharged for any ulterior purpose, or motive, or that he was discriminated against as an individual for any of the reasons prohibited by the Agreement, or for any other reasons that commonly indicates discrimination."* (Emphasis added.) Arbitration Award at 23–24.

enforcement officer by the appointing authority without considering the severity of the offenses and ordering reinstatement during the period when charges were still pending and ultimately sustained is arbitrary, capricious and unlawful.

Final reinstatement of a law enforcement officer under these circumstances may expose the city to the risk of liability for failing to take appropriate disciplinary action and is contrary to public policy. *E.g., Brandon v. Holt* (1985), 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878.

Accordingly, since the arbitrator exceeded or so imperfectly executed his powers under the agreement, the award is arbitrary, capricious and unlawful and should be vacated. Since the majority fails to do so, I respectfully dissent.