STEHLI et al., Appellants,

v.

ACTION CUSTOM HOMES, INC., Appellee.

[Cite as *Stehli v. Action Custom Homes, Inc.* (2001), 144 Ohio App.3d 679.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 2000–G–2291.

Decided July 23, 2001.

*Svete, McGee & Carrabine Co., L.P.A., James W. Reardon* and *David A. McGee,* for appellants.

*Patrick D. Quinn Co., L.P.A.,* and *Patrick D. Quinn,* for appellee.

CHRISTLEY, Judge.

In this accelerated calendar case, appellants, John and Marie Stehli, appeal from the judgment of the Geauga County Court of Common Pleas in which the trial court confirmed an arbitration award in favor of appellee, Action Custom Homes, Inc.

The following facts gave rise to the present appeal. The parties entered into a written contract containing a binding arbitration clause wherein appellee agreed to construct a residential dwelling for appellants. However, on August 11, 1998, appellants filed a lawsuit against appellee alleging three causes of action: (1) breach of contract and express warranty; (2) negligence; and (3) violations of

R.C. 1345.01 *et seq.,* otherwise known as the Consumer Sales Practice Act ("the CSPA"). The trial court stayed the proceeding pending an arbitration as required by the terms of the contract.[1]

After a hearing on the matter, the arbitrator issued his decision on May 20, 1999, ordering appellee to pay appellants $34,170.51. Despite a joint motion of the parties requesting findings of fact and conclusions of law, the arbitrator refused to provide an explanation of the award.

As a result, on September 23, 1999, appellants' filed a complaint seeking to vacate and/or modify the award issued by the arbitrator, alleging there was partiality, corruption, and misconduct on the part of the arbitrator when he failed to apply the CSPA to the case and refused to issue findings of fact and conclusions of law. Both parties filed briefs to support their position on this issue, and appellee filed an application for confirmation of the arbitration award.

Upon consideration, the trial court issued a judgment entry on May 16, 2000, confirming the arbitration award. From this judgment, appellants appeal, asserting the following assignments of error for our consideration:

"[1.] The trial court erred in not vacating and/or modifying the arbitration award in accord with ORC 2711.10 & 11, to wit: upon ambiguity, inconsistency, or bias, where the evidence before the arbitrator was *unrebutted* that structural and workmanship defects, as well as contractual omissions, resulted in actual damages to appellants, Stehlis, in the amount of $308,909.99, yet the arbitrator awarded, instead, $68,609.07 with no explanation in the record, or by written decision, as to how he arrived at this arbitrary lesser damage amount and thereafter refused the parties' joint motion seeking an explanation of same. [Emphasis *sic.*]

"[2.] The trial court erred in not vacating and/or modifying the arbitration award in accord with ORC 2711.10 & 11, to wit: upon ambiguity, inconsistency, or bias, where the arbitrator refused to consider, or make any findings (favorable or adverse), of remedies claimed by appellants, Stehlis, pursuant to the Consumer Sales Practices Act despite the fact that the trial court, by journal entry dated September 16, 1998, set forth its 'expectation' that the arbitrator was to consider and determine such issues."

▇▇▇ At the outset, we note that arbitration awards are presumed valid, and an appellate court may not substitute its judgment for that of an arbitrator. *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio

---

1. Appellants filed a notice of appeal from this judgment, asserting that arbitration was inappropriate in this case. Upon consideration, this court determined that appellants failed to demonstrate that the submission of the dispute to arbitration was improper. *Stehli v. Action Custom Homes, Inc.* (Sept. 24, 1999), Geauga App. No. 98–G–2189, unreported, 1999 WL 778382.

St.3d 129, 132, 551 N.E.2d 186, 189–190; *Marra Constructors, Inc. v. Cleveland Metroparks Sys.* (1993), 82 Ohio App.3d 557, 562, 612 N.E.2d 806, 809. By submitting their dispute to binding arbitration, the parties "agree to accept the result, *regardless of its legal and factual accuracy.*" *Cleveland v. Fraternal Order of Police, Lodge No. 8* (1991), 76 Ohio App.3d 755, 758, 603 N.E.2d 351, 352–353. See, also, *Ford Hull–Mar Nursing Home, Inc. v. Marr, Knapp, Crawfis & Assoc., Inc.* (2000), 138 Ohio App.3d 174, 179, 740 N.E.2d 729, 732–733.

In order for binding arbitration to survive as an alternative to litigation, the scope of judicial review must be limited:

"At common law, the courts have almost uniformly refused to vacate an arbitrator's award because of an error of law or fact. It has been held that the arbitrator is the final judge of both law and facts, and that an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable * * *, and that even a grossly erroneous decision is binding in the absence of fraud." (Citation omitted.) *Goodyear Tire & Rubber Co. v. Local Union No. 200* (1975), 42 Ohio St.2d 2d 516, 522, 71 O.O.2d 509, 512, 330 N.E.2d 703, 708. See, also, *McDonald Local School Dist. v. Dull* (Aug. 20, 1999), Trumbull App. No. 98–T–0078, unreported, 1999 WL 689732, at * 4.

█ As such, a trial court's power to vacate a final binding arbitration award is limited to the statutory restrictions contained in R.C. 2711.10 and 2711.11. *Dawson Builders, Inc. v. Dawson* (Oct. 13, 2000), Lake App. Nos. 2000–L–008, 2000–L–009, 2000–L–010, 2000–L–011 and 2000–L–012, unreported, 2000 WL 1566520, at * 1. This is because, for policy reasons, courts favor and even encourage arbitration. *Findlay*, 49 Ohio St.3d at 131, 551 N.E.2d at 188–189; *Mahoning Cty. Bd. of Mental Retardation & Developmental Disabilities v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 84, 22 OBR 95, 98–99, 488 N.E.2d 872, 875–876. As a result, courts will make every reasonable indulgence to avoid disturbing a binding arbitration award:

"Were the arbitrator's decision to be subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements." *Goodyear*, 42 Ohio St.2d at 520, 71 O.O.2d at 511, 330 N.E.2d at 706.

Turning to the case at bar, appellants appeal the arbitrator's award under both R.C. 2711.10 and 2711.11, which describe the circumstances under which a trial

court may vacate or modify a binding arbitration award. R.C. 2711.10 provides that an award may be *vacated* for the following reasons:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. ·

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Hence, "Ohio' s statutory scheme in R.C. 2711.10 thus limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority." *Goodyear*, 42 Ohio St.2d at 520, 71 O.O.2d at 511, 330 N.E.2d at 706. See, also, *Keys v. Hosler* (June 20, 1997), Lake App. No. 96–L–150, unreported, 1997 WL 360993, at * 2.

Similarly, R.C. 2711.11 permits a court to *modify or correct* an arbitrator's award if any of the following apply:

"(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

"(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

"(C) The award is imperfect in matter of form not affecting the merits of the controversy."

██ Thus, in addressing an R.C. 2711.11 motion to modify, an appellate court is "confined to an evaluation of the order issued by the court of common pleas" and "we * * * may not pass upon the substantive merits of the arbitration award absent evidence of material mistake or extensive impropriety." *Lynch v. Halcomb* (1984), 16 Ohio App.3d 223, 224, 16 OBR 238, 239, 475 N.E.2d 181, 183. See, also, *Ford*, 138 Ohio App.3d at 179, 740 N.E.2d at 732–733; *Cleveland*, 76 Ohio App.3d at 758, 603 N.E.2d at 352–353; *Ecker v. Hanusosky* (Sept. 8, 1995), Lake App. No. 95–L–024, unreported, 1995 WL 787397, at * 2.

It is with these standards in mind that we consider appellants' first and second assignments of error.

■ The gist of appellants' first assignment of error is that the arbitration award should be vacated and/or modified on the basis that the arbitrator refused to offer some explanation as to how he calculated the damages award despite the fact that the parties filed a joint motion requesting findings of fact or conclusions of law. According to appellants, the Construction Industry Arbitration Rules ("the CIAR") of the American Arbitration Association required the arbitrator, upon written request of the parties, to provide a written explanation of the award. Furthermore, appellants argue, because there was no evidence to rebut the testimony that structural and workmanship defects existed with respect to the house, there was no plausible explanation or basis in the record for the arbitrator's award.

■ It is well settled that without a provision to the contrary in a statute, or in an agreement of the parties, the validity of an arbitration award is *unaffected* by the absence of an arbitrator's findings of fact and conclusions of law in the award. *McKinney v. Allstate Ins. Co.* (1966), 6 Ohio App.2d 136, 140, 35 O.O.2d 270, 272, 216 N.E.2d 887, 890–891. Thus, the arbitrator's failure to provide findings of fact and conclusions of law in this matter is not fatal.

Rule 42 of the CIAR, however, provides that an arbitrator may be required to prepare a written explanation of the arbitration award:

"The award shall be in writing and shall be signed by a majority of the arbitrators. It shall be executed in the manner required by law. The arbitrator shall provide a concise, written breakdown of the award. If requested in writing by all parties *prior to* the appointment of the arbitrator, or if the arbitrator believes it is appropriate to do so, the arbitrator shall provide a written explanation of the award." (Emphasis added.)

Under the plain language of this rule, an arbitrator is not required to provide a written explanation of the award unless all the parties made such a request *prior* to the appointment of the arbitrator. In the case at bar, the parties filed a joint motion for findings of fact and conclusions of law only *after* the arbitrator issued his award; thus, Rule 42 of the CIAR is inapplicable.

Furthermore, when the parties agree to enter into binding arbitration, they "agree to accept the result, *regardless of its legal and factual accuracy.*" (Emphasis added.) *Cleveland*, 76 Ohio App.3d at 758, 603 N.E.2d at 352. See, also, *Ford*, 138 Ohio App.3d at 179, 740 N.E.2d at 732–733.[2] Because no evidence

2. This court has held:

"'[I]t is abundantly clear that an appellate court will not reverse the affirmance of an arbitration award on the bases that the award was against the manifest weight of the evidence, or that the arbitrators' legal analysis was incorrect.'" *Keys* at * 2, quoting *Hacienda Mexican*

appears in the record to show that any statutory grounds for vacation under R.C. 2711.10 or modification under R.C. 2711.11 exist with respect to the amount of damages awarded by the arbitrator, appellants' first assignment of error lacks merit.

■ Under the second assignment of error, appellants argue that the award should be modified and/or vacated because the arbitrator failed to consider or determine whether there was a violation of the CSPA.

In the case at bar, the following language was incorporated within the arbitration award: "This Award is in full settlement of *all claims submitted to this Arbitration. All claims not expressly granted herein are, hereby, denied.*" (Emphasis added.)

The above provision indicates that the arbitrator did rule upon appellants' claim under the CSPA by denying the relief sought under this Act. Furthermore, absent appellants' and appellee's compliance with Rule 42 of the CIAR, the validity of an arbitration award is unaffected by the absence of findings of fact and conclusions of law in the award. See, also, *McKinney,* 6 Ohio App.2d at 140, 35 O.O.2d at 272, 216 N.E.2d at 890–891. Accordingly, appellants' second assignment of error is not well taken.

Based on the foregoing analysis, appellants' assignments of error are without merit, and the judgment of the trial court is, hereby, affirmed.

*Judgment affirmed.*

WILLIAM M. O'NEILL, P.J., and FORD, J., concur.

---

*Restaurant of Ohio v. Zadd* (Dec. 10, 1993), Lake App. No. 92–L–108, unreported, 1993 WL 548066, at * 2.