OPINION
{¶ 1} This is an accelerated appeal of the judgment of the Ashtabula County Common Pleas Court, which granted summary judgment in favor of respondent-appellee, Ohio Patrolmen's Benevolent Association[1]
("OPBA"). We affirm.
 {¶ 2} In February, 2000, petitioner-appellant, William Johnson, the Sheriff of Ashtabula County, issued interoffice memos to some employees concerning abuse of sick time leave. These memos detailed the amount of sick time used by the employees and deemed to be excessive by Sheriff Johnson. The memo also explained the reason for the need to curb excessive sick time and required these employees to present a "doctor's excuse" for any use of sick time.
 {¶ 3} On March 2, 2000, OPBA instituted a class action grievance against Sheriff Johnson on behalf of its employee-members. The grievance asserted that Sheriff Johnson's actions violated the collective bargaining agreement ("CBA") between OPBA and Sheriff Johnson because Sheriff Johnson's actions constituted disciplinary action without just cause. The grievance was submitted to arbitration under the CBA.
 {¶ 4} The arbitrator determined that the memos constituted discipline without a just cause finding and with disregard for the grievance process. He ordered Sheriff Johnson to rescind the memos and notify the recipients that the memos were rescinded.
 {¶ 5} OPBA moved the trial court for an order confirming the arbitration award and Sheriff Johnson sought to have the award vacated. Both parties moved for summary judgment. The trial court granted summary judgment in favor of OPBA and affirmed the arbitrator's decision. Sheriff Johnson appeals asserting that:
 {¶ 6} "The trial court erred in granting appellee's motion for summary judgment and in denying appellant's motion for summary judgment."
 {¶ 7} In his assignment of error Sheriff Johnson argues that the arbitrator's award does not draw its essence from the express language of the CBA, and therefore, should be vacated.
 {¶ 8} R.C. 2711.10 provides in relevant part:
 {¶ 9} "In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 {¶ 10} "* * *
 {¶ 11} "* * *
 {¶ 12} "* * *
 {¶ 13} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 {¶ 14} Our ability to review an arbitrator's decision is limited.Bd. of Educ. of the Findlay City School Dist. v. Findlay Educ. Assn.
(1990), 49 Ohio St.3d 129 at paragraph one of the syllabus, superseded by statute on other grounds, (1991), 61 Ohio St.3d 658. We presume the arbitrator's award is valid and are left to determine only whether there are valid claims of fraud, corruption, misconduct, or an imperfect award, and whether the arbitrator exceeded his authority. Goodyear Tire Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleumand Plastic Worker's of America (1975), 42 Ohio St.2d 516 at paragraph one of the syllabus. The arbitrator is the final judge of both law and facts. Goodyear, supra at 522. We may not substitute our judgment for that of the arbitrator. Stehli v. Custom Homes, Inc. (2001),144 Ohio App.3d 679, 681.
 {¶ 15} In the instant case, Sheriff Johnson claims only that the arbitrator exceeded his authority when he determined that the memo constituted discipline. An arbitrator exceeds his authority when his award fails to draw its essence from the CBA. Southwest Ohio RegionalTransit Auth. v. Amalgamated Transit Union, Local 627 (1998),131 Ohio App.3d 751, 760. The Ohio Supreme Court has held:
 {¶ 16} "An arbitration award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." Mahoning Cty. Bd. of Mental Retardation and DevelopmentalDisabilities v. Mahoning Cty. TMR Educ. Assn. (1986), 22 Ohio St.3d 80 at paragraph one of the syllabus. Conversely, "an arbitration award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement. Ohio Office of Collective Bargaining v. OhioCivil Service Employees Assn., Local 11, AFSCME, AFL-CIO (1991),59 Ohio St.3d 177 at syllabus. See, also, Bd. of Educ. of the FindlayCity School Dist., supra at paragraph two of the syllabus.
 {¶ 17} Finally, we are mindful that:
 {¶ 18} "Were the arbitrator's decision * * * subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements."
 {¶ 19} Goodyear, supra at 520.
 {¶ 20} In the instant case the arbitrator interpreted three sections of the CBA. Article 9, Section 1, provided in relevant part, "No employee shall be reduced in pay or position, suspended or removed except for just cause. Further, no form of disciplinary action will be taken against any employee except for just cause." Article 9, Section 6, stated, "Records of disciplinary action shall cease to have force and effect or be considered in future discipline matters under the following time frames:
 {¶ 21} "Oral and written reprimands 6 months * * *."
 {¶ 22} Article 25, Section 9, provided:
 {¶ 23} "Physician Statement: The employee shall be required to furnish a statement from a licensed physician or psychologist notifying the Employer that the employee was unable to perform the employee's duties for absences of three (3) or more consecutive work days due to illness. Whenever the Employer finds abuse of the use of sick leave, he may require proof of illness in the form of a physician statement of disability or other proof satisfactory to the Employer to approve the use of sick leave."
 {¶ 24} Sheriff Johnson argues that Article 25, Section 9, grants him unilateral authority to determine who has abused their sick leave and to require a physician's statement for use of even one day of sick time. Thus, Sheriff Johnson contends that the memos did not constitute disciplinary action and neither Article 9, Section 1, nor Article 9, Section 6, were relevant.
 {¶ 25} The arbitrator's decision stated:
 {¶ 26} "The memo constitutes discipline. In the memo, the Sheriff has made a determination that the sick leave taken was excessive or an abuse of such leave and imposed a requirement of presenting a doctor's note in order to justify a further sick leave. The failure to present such a note would be considered disobedience of an order from a superior. * * *
 {¶ 27} "An oral or written reprimand is considered discipline in labor/management relations. Therefore, a written determination of an abuse of sick leave constituted discipline.
 {¶ 28} "The Sheriff has made a determination that the particular employee receiving the memo had abused the sick leave policy of the Employer and the Contract. Had the memo simply been a warning, no additional consequences would have been imposed. The additional consequence, coupled with the written finding of abuse, is discipline."
 {¶ 29} The arbitrator concluded that this discipline violated the CBA because it eliminated the employee's ability to challenge the finding of abuse of sick leave.
 {¶ 30} Sheriff Johnson would have had the arbitrator consider only Article 25, Section 9, and arguably, had he done so, Sheriff Johnson would have prevailed. However, the arbitrator properly considered the CBA as a whole. In reaching his decision, the arbitrator did not add to, subtract from, or alter the meaning of the terms of the contract. He interpreted the language presented. Therefore, we cannot say that he exceeded his authority because his decision draws its essence from the terms of the contract. City of Hillsboro v. Fraternal Order of Police,Ohio Labor Council, Inc. (1990), 52 Ohio St.3d 174, 177. Appellant's assignment of error is without merit and the judgment of the Ashtabula County Common Pleas Court is affirmed.
WILLIAM M. O'NEILL, J., concurs,
[1] The trial court's judgment entry incorrectly lists respondent's name as Ohio Patrolman's Benevolent Association.