OPINION
{¶ 1} Appellant, Ohio Patrolmen's Benevolent Association ("OPBA"), appeals the judgment of the Trumbull County Common Pleas Court that vacated an arbitration award. We affirm.
 {¶ 2} Brian Borawiec was employed by the Trumbull County Sheriff's Office as a corrections officer. He was a member of the collective bargaining unit and thus, represented by OPBA.
 {¶ 3} On September 25, 1998, Borawiec was charged with violating certain rules of the sheriff's office and the collective bargaining agreement ("CBA") between OPBA and the sheriff. Relevant to this appeal, Borawiec was charged with violating Section 24.10 of the CBA. This section provides, "[a]ny abuse or patterned use of sick leave shall be just cause for disciplinary action." The sheriff proposed to discharge Borawiec as a result of these violations.
 {¶ 4} In order to resolve the matter OPBA, Borawiec, and the sheriff's office entered into a "Last Chance Agreement." This agreement stated:
 {¶ 5} "Any offense committed by Borawiec after the execution of this Agreement similar to any of the offenses contained in the Disciplinary Notice shall constitute a violation of this Agreement or if Borawiec violates any term of this Agreement, such violation shall result in immediate termination of Borawiec, and Borawiec knowingly and voluntarily waives his right to arbitration as to the penalty of termination of employment."
 {¶ 6} The parties signed this agreement on December 8, 1998. The agreement did not specify a date on which it was to end.
 {¶ 7} Borawiec continued to abuse his sick time leave. Sick time accrued at a rate of 120 hours per year. In 1999 Borawiec never had more than 22 hours of accumulated sick time. On four occasions in 1999, Borawiec used more sick time than he had available. On March 11, 1999, the sheriff warned Borawiec that he was using more sick time than he had available. In November 1999, Borawiec was told that he was close to violating the last chance agreement. Borawiec was again warned about his use of sick time on December 1, 1999.
 {¶ 8} Despite the last chance agreement and repeated warnings, Borawiec continued to abuse his sick time leave. In 2000, Borawiec used 121 hours of sick time and never accumulated more than 22 hours.
 {¶ 9} From the beginning of 2001 to April 25, 2001, Borawiec used 54.27 hours of sick time. At the time of his termination Borawiec had exhausted all of his sick leave.
 {¶ 10} On April 25, 2001, Borawiec received a memo notifying him that the sheriff was terminating his employment for violation of the last chance agreement. Specifically, the memo stated that Borawiec had violated Section 24.11 of the CBA.[1]
 {¶ 11} On May 8, 2001, the sheriff provided Borawiec with another notice of discipline. This notice stated that Borawiec had not maintained acceptable attendance and availability for work. This memo cited Borawiec's violation of Section 24.10 as a violation of the last chance agreement.
 {¶ 12} On May 21, 2001, Borawiec received a third notice of discipline. This memo essentially restated the information contained in the May 8, 2001, memo.
 {¶ 13} Borawiec appealed his termination and the matter proceeded to binding arbitration. The arbitrator conducted a hearing and issued a decision reinstating Borawiec's employment.
 {¶ 14} The sheriff filed a motion to vacate the award in the Trumbull County Common Pleas Court. OPBA filed a motion to confirm the award. On September 23, 2002, the trial court granted the sheriff's motion to vacate the award and reinstated Borawiec's termination. OPBA appeals this judgment asserting two assignments of error:
 {¶ 15} "[1.] The trial court erred to the prejudice of Appellant by vacating the arbitration award of the Arbitrator Bernard Fabian dated February 8, 2002, and denying Appellant's counter-application/complaint/motion to confirm the award.
 {¶ 16} "[2.] Assuming the trial court did not err by vacating the arbitration award of Arbitrator Bernard Fabian dated February 8, 2002, it still erred to the prejudice of Appellant by reinstating the Sheriff's decision to terminate his employee, Corrections Officer Brian Borawiec, instead of remanding the case to Arbitrator Fabian for arbitration proceedings."
 {¶ 17} Our review of an arbitrator's decision is limited. Bd. ofEduc. of the Findlay City School Dist. v. Findlay Edn. Assn. (1990),49 Ohio St.3d 129, at paragraph one of the syllabus, superseded by statute on other grounds, (1991), 61 Ohio St.3d 658. The arbitrator is the final judge of both law and facts. Goodyear Tire Rubber Co. v.Local Union No. 200, United Rubber, Cork, Linoleum Plastic Workersof America (1975), 42 Ohio St.2d 516, 522. We may not substitute our judgment for that of the arbitrator. Stehli v. Action Custom Homes, Inc.
(2001), 144 Ohio App.3d 679, 681. We presume the arbitrator's award is valid and determine only whether there are valid claims of fraud, corruption, misconduct, or an imperfect award, and whether the arbitrator exceeded his authority. R.C. 2711.10; see, also, Goodyear, at paragraph one of the syllabus.
 {¶ 18} An arbitrator exceeds his authority when his award fails to draw its essence from the CBA. Southwest Ohio Regional Transit Auth. v.Amalgamated Transit Union, Local 627 (1998), 131 Ohio App.3d 751, 760. The Ohio Supreme Court has held:
 {¶ 19} "An arbitration award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." Mahoning Cty. Bd. of Mental Retardation Dev.Disabilities v. Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, at paragraph one of the syllabus. Conversely, "an arbitrator's award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement." Ohio Office of Collective Bargaining v. OhioCiv. Serv. Employees Assn., Local 11, AFSCME, AFL-CIO (1991),59 Ohio St.3d 177, at syllabus. See, also, Findlay City School Dist. Bd.of Edn., supra, at paragraph two of the syllabus.
 {¶ 20} Finally, we are mindful that:
 {¶ 21} "Were the arbitrator's decision * * * subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements." Goodyear, supra, at 520.
 {¶ 22} As a basis for his decision the arbitrator stated:
 {¶ 23} "In summary, I do not believe that the terms of the `Last Chance Agreement' are applicable indefinitely unless so specifically stated within the `Last Chance Agreement.' When the `Last Chance Agreement' did not contain a time limit for its termination, it must be properly construed, in my opinion, to be pursuant to any other time limits such as those that may be contained in the Collective Bargaining Agreement. Inasmuch as the Collective Bargaining Agreement in this situation contains a two-year expungement provision, consistent with the argument that that the `Last Chance Agreement' rendered under the Collective Bargaining Agreement must be subservient to the specific provisions of the Collective Bargaining Agreement, I therefore hold that unless the `Last Chance Agreement' specifically states an ending point different from that which is contained in the Collective Bargaining Agreement, the period in the Collective Bargaining Agreement of two years governs."[2]
 {¶ 24} The arbitrator found that the last chance agreement was a record of a disciplinary action, that it had not become a part of further progressive discipline, and that because it was more than two years old it could not be considered as a basis for Borawiec's termination. We must determine if the trial court properly found that the arbitrator exceeded his authority in interpreting the last chance agreement and the CBA.
 {¶ 25} Section 11 of the CBA defined the levels of discipline that could be taken against an employee. These levels ranged from a verbal reprimand to termination. The CBA does not list a last chance agreement as a form of discipline.
 {¶ 26} The last chance agreement was not a form of discipline but a contract between Borawiec, OPBA, and the sheriff's office. In its simplest terms the last chance agreement provided for Borawiec's continued employment in exchange for his agreement to properly use his sick leave. Discipline necessarily concerns past conduct. The last chance agreement concerned future conduct.
 {¶ 27} The last chance agreement simply and unequivocally stated, "Any offense committed by Borawiec after the execution of this Agreement * * *." By its express terms the last chance agreement did not expire. If it had an expiration date it would not properly be called a "last chance" agreement.
 {¶ 28} Further, appellee presented evidence that the parties discussed adding a time limit to the last chance agreement. The sheriff rejected this proposal.[3]
 {¶ 29} While at first glance it may seem harsh that Borawiec had to abide by the terms of the last chance agreement for the duration of his employment, this was the condition he, through his bargaining unit, agreed to. The alternative was termination of his employment in 1998.
 {¶ 30} The arbitrator added a two-year limitation period to the last chance agreement. Therefore, the award conflicts with the express terms of the agreement and the arbitrator exceeded his authority. OhioOffice of Collective Bargaining, supra, at syllabus.
 {¶ 31} Appellant also argues that even if the last chance agreement had not lapsed, the sheriff failed to prove that Borawiec abused his sick leave. We disagree.
 {¶ 32} The arbitrator's decision made much of the fact that the sheriff did not investigate and determine why Borawiec was using his sick leave. However, neither the CBA nor the last chance agreement required that the use of sick leave be unjustified for it to constitute an abuse or patterned use. In fact, the CBA specifically states that use of sick leave on six or more occasions in any calendar year shall subject the employee to discipline. The sheriff clearly established through personnel records that Borawiec was abusing his sick leave. Appellant's first assignment of error is without merit.
 {¶ 33} Since we have determined that the trial court properly vacated the award, we must now determine whether the trial court was required to remand the case to the arbitrator.
 {¶ 34} R.C. 2711.10 provides in relevant part, "If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators." (Emphasis added.) In statutory construction the word "may" is generally construed to make the provision discretionary. Dorian v.Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, 107. The word "shall" is generally interpreted to make the provision mandatory. Id. "Ordinarily, the words `shall' and `may,' when used in statutes, are not used interchangeably or synonymously." Id. Appellant would have us hold that the trial court must remand a case to the arbitrator when it vacates an award. We decline to do so.
 {¶ 35} The last chance agreement in the instant case provided that a future abuse of sick leave would result in termination. A review of the award demonstrates that the arbitrator found that Borawiec abused the sick leave policy and engaged in a patterned use of sick leave, both of which are prohibited by the last chance agreement and Section 24.10 of the CBA. The arbitrator attempted to downplay the seriousness of Borawiec absenteeism by comparing his use of sick leave to that of others in the county; however simply because Borawiec used only slightly more sick time than others does not mean that the sheriff did not have just cause for Borawiec's termination. This is especially so since Borawiec was operating under a last chance agreement.
 {¶ 36} Section 24.10 states that, "Any abuse or patterned use of sick leave shall be just and sufficient cause disciplinary action." A review of the award makes clear that the arbitrator found that Borawiec abused or engaged in patterned use of sick leave. Thus, there was just cause for Borawiec's termination and the trial court properly exercised its discretion and reinstated the sheriff's decision to terminate Borawiec's employment. Appellant's second assignment of error is without merit.
 {¶ 37} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
Judgment affirmed.
Judith A. Christley and Diane V. Grendell, JJ., concur.
[1] Section 24.11 defines "occasions" for purposes of sick time use.
[2] Section 11.06 of the CBA provided:
"All records of disciplinary actions except as provided in Sections 11.02(1) and (2), cease to have force and effect two (2) years after the effective date of the disciplinary action and shall not be considered for any subsequent disciplinary action, providing the same has not become a part of further progressive discipline."
[3] Appellant argues that the admission of this evidence violated the parol evidence rule. We disagree. "The parol evidence rule states that `absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.'" Galmish v. Cicchini (2000), 90 Ohio St.3d 22,27. Here, the evidence relating to the sheriff's refusal to include a time limit in the last chance agreement was not used to vary, contradict, or supplement the written agreement. The last chance agreement did not include a time limitation, therefore, the testimony does not vary or contradict the written agreement. Nor can it be said that the testimony supplements the written agreement because it does not add any new terms to it.