This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Fred Martin Motor Company ("Martin Motor"), appeals the decision of the Summit County Court of Common Pleas denying Martin Motor's motion to stay the trial court proceedings pending arbitration. We affirm.
 I.
On November 17, 2000, Appellee, Michelle Jones ("Jones"), filed a complaint against Martin Motor asserting numerous violations of the Consumer Sales Practices Act. On November 9, 1999, Jones purchased a Suzuki Vitara from Martin Motor. Two days earlier, Martin Motor had published a sale advertisement in the newspaper for the same model Suzuki Vitara. Jones alleges that Martin Motor failed to notify her of the sale advertisement and failed to incorporate the terms of the advertisement into her written sales contract.
Martin Motor answered the complaint and asserted the affirmative defense of a jury waiver and agreement to binding arbitration contained in the sales contract. Martin Motor moved the trial court to dismiss the action or in the alternative to stay the proceedings pending arbitration. On May 24, 2001, the trial court denied Martin Motor's motion. This appeal followed.
 II.
Assignment of Error:
 THE TRIAL COURT COMMITTED LEGAL ERROR WHEN IT HELD THAT THE JURY WAIVER AND AGREEMENT TO BINDING ARBITRATION, SIGNED BY THE PARTIES, WAS INEQUITABLE AND UNCONSCIONABLE. THE TRIAL COURT THEREFORE ABUSED ITS DISCRETION WHEN IT DENIED THE MOTION OF THE DEFENDANT/APPELLANT TO STAY PROCEEDINGS AND COMPEL ARBITRATION.
In its sole assignment of error, Martin Motor challenges the trial court's denial of its motion to stay the proceedings pending arbitration.
The denial of a motion to stay proceedings and refer a matter to arbitration is subject to review only for an abuse of discretion. HarscoCorp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
In the present case, the parties' contract contains the following jury waiver and agreement to binding arbitration:
 The undersigned consumer and Fred Martin Motor Company, by its acceptance hereof, hereby voluntarily, knowingly, irrevocably and unconditionally waive any right to have a jury participate in resolving any dispute, whether based on contract, tort or otherwise, between or among the undersigned and Fred Martin Motor Company, arising out of or in any way related to the contract between the parties for the purchase, lease or repair of any vehicle from or by Fred Martin Motor Company and any other related document or any relationship between the undersigned consumer and Fred Martin Motor Company.
 In addition, the parties voluntarily, knowingly, irrevocably and unconditionally agree to submit any dispute between them, whether based on contract, tort or otherwise, to binding arbitration but otherwise pursuant to the Rule 10 of the Summit County Court of Common Pleas Rules of Civil Procedure. A copy of said rule is available from Fred Martin Motor Company [sic] is incorporated herein by reference.
 These provisions are a material inducement to Fred Martin Motor Company to provide the goods and/or services herein described in the attached contract or in other related documents. These provisions are incorporated by reference to the Third Party Dealer's Agreement, Purchase Order and/or Repair Order as if fully rewritten therein.
The parties to this contract agreed "to submit any dispute between them * * * to binding arbitration but otherwise pursuant to the Rule 10 of the Summit County Court of Common Pleas Rules of Civil Procedure." By agreeing to submit their dispute to binding arbitration, the parties "agree to accept the result regardless of its legal or factual accuracy."Cleveland v. Fraternal Order of Police, Lodge No. 8 (1991),76 Ohio App.3d 755, 758. Generally, appellate review does not extend to the merits of an arbitration award without a showing of material mistake or extensive impropriety. Id.
In the present case, the agreement to binding arbitration refers to Loc.R. 10 of the Court of Common Pleas of Summit County, General Division. This local rule governs the trial court's procedure for arbitration proceedings in cases which have been filed in that court. Section 10.17 of the rule allows a party to appeal any arbitration award by filing a notice of appeal, an affidavit and reimbursing the clerk for the costs of the arbitration. By referencing Loc.R. 10, the Martin Motor arbitration provision appears to provide for an appeal of a "binding" arbitration award.
The pervasive ambiguity of a procedure that purports to be at once both appealable and binding seems obvious. Moreover, the entire scheme contemplated by Loc.R. 10 involves cases pending in common pleas court being referred to an arbitration procedure, but subject to being recalled for decision by the court in instances where any party is dissatisfied with the arbitration result. How is such a procedure to be utilized where there is no case pending? The Martin Motor arbitration provision's attempt to create an arbitration mechanism is illusory insofar as it purports to provide a judicial remedy in a non-judicial setting. The jurisdiction of the common pleas court cannot be created by contract. The provision is unenforceable.
After a review of the record, we cannot say that the trial court abused its discretion in denying Martin Motor's motion. Martin Motor's assignment of error is overruled.
 III.
Having overruled Martin Motor's sole assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.